IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID PHILLIPS AS REPRESENTATIVE OF THE ESTATE OF JACOBY JOSEPH STONEKING, DECEASED, CARLA RENEE WILSON AND JACK STONEKING | § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. _____ |
| V. | § § | |
| NEUTRON HOLDINGS, INC, A DELAWARE CORPORATION d/b/a LIME AND SEGWAY INC., A DELAWARE CORPORATION | § § § § § § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs David Phillips, as Representative of the Estate of Jacoby Joseph Stoneking, Deceased, Carla Renee Wilson and Jack Stoneking, complaining of Defendants NEUTRON HOLDINGS, INC., a Delaware Corporation d/b/a LIME (also referred to herein as "LIME") and SEGWAY INC., a Delaware Corporation (also referred to herein as "SEGWAY") and for cause of action would respectfully show;

### 1. The Plaintiffs

1.1     Plaintiff David Phillips is the maternal grandfather and appears herein in his capacity as Representative of the Estate of Jacoby Joseph Stoneking, Deceased. At all times material, David Phillips has been domiciled in the City of Dallas, Dallas County, Texas.

1.2     Plaintiff Carla Renee Wilson is the biological mother of Jacoby Joseph Stoneking, Deceased.  At all times material, Carla Renee Wilson has been domiciled in Woodland Park, Teller County, Colorado.

1.3     Plaintiff Jack Stoneking is the biological father of Jacoby Joseph Stoneking, Deceased. At all times material, Jack Stoneking has been domiciled in Greenville, Hunt County, Texas.

## 2. The Defendants

2.1      Defendant Neutron Holdings, Inc. d/b/a LIME is a Delaware corporation doing business in Texas with its principal place of business in San Mateo, California.

2.2     Defendant Neutron Holdings, Inc. d/b/a LIME may be served with process through its registered agent for service of process, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Dallas County, Texas 75201 (Telephone: 214-979-1172).

2.3     Defendant Segway, Inc.  is a Delaware corporation doing business in Texas with its principal place of business in Bedford, New Hampshire.

2.4     Defendant Segway, Inc. be served with process through its registered agent for service of process, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Dallas County, Texas 75201 (Telephone: 214-979-1172).

## 3.  Subject Matter Jurisdiction

3.1     There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

3.2     Jurisdiction in this judicial district therefore exists pursuant to 28 U.S.C. §1332.

## 4.  Jurisdiction and Venue

4.1     Defendants Neutron Holdings, Inc. d/b/a LIME and Segway, Inc. are subject to this Court's specific and general jurisdiction because they are registered to do business in the State of Texas, are doing business in the State of Texas and the Northern District of Texas, and they have purposefully availed themselves of the rights and privileges of conducting business in Texas, including the Northern District of Texas.

4.2     Defendants Neutron Holdings, Inc. d/b/a LIME and Segway, Inc. regularly conduct business and solicit business in the State of Texas and the Northern District of Texas and they derive substantial revenue from goods and services provided to residents within the State of Texas and the Northern District of Texas.

4.3     Defendants Neutron Holdings, Inc. d/b/a LIME and Segway, Inc. are subject to this Court's personal jurisdiction pursuant to Tex. Civ. Prac. & Rem. Code Ann. §17.042 (Texas Long-Arm Statute).

4.4     The assertion of this Court's jurisdiction over Defendants Neutron Holdings, Inc. d/b/a LIME and Segway, Inc. complies with traditional notions of fair play and substantial justice.

4.5     Venue is proper in the Northern District of Texas because this Court has personal jurisdiction over Defendants Neutron Holdings, Inc. d/b/a LIME and Segway, Inc., and also because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District in Dallas County, Texas,

4.6     Personal jurisdiction and venue in this judicial district are therefore proper pursuant to 28 U.S.C. §1391.

## 5. Statement of Claim with Facts
## Common to All Causes of Action

5.1     This case arises out of the unlawful acts and omissions of LIME and SEGWAY for their negligent design, manufacture, marketing and distribution of fleets of defective electric motorized scooters.  These "pay as you go" motorized scooters were manufactured by SEGWAY and deployed by LIME onto the public streets, sidewalks and other public places within the city of Dallas and other cities in Texas.

5.2     On or about September 1, 2018 Jacoby Joseph Stoneking was operating a LIME motorized Scooter southbound in the 500 block of South Munger Boulevard in the City of Dallas, Dallas County Texas. Suddenly and unexpectedly, the scooter deck broke in half, causing Jacoby to fall to the ground, injuring his head, arms and legs.  He was taken to Baylor hospital where he died the next day of a traumatic brain injury.

## 6. Strict Liability Claim: Design Defect

6.1     This scooter was defectively designed because it broke in half during normal operation.  It did not perform as safely as an ordinary consumer would have expected it to perform when used (or misused) in an intended or reasonably foreseeable manner.

6.2     The design defects existed in the scooter when it left the possession of Defendants SEGWAY and LIME and these defects rendered the scooter unreasonably dangerous.

6.3     The design defects were a proximate and producing cause of the occurrence in question and Jacoby Stoneking's fatal injuries.

6.4     Safer alternative designs existed for this scooter which were economically and technologically feasible and which would have prevented or reduced the risk of these

PLAINTIFFS ORIGINAL COMPLAINT
NO. _____; DAVID PHILLIPS AS REPRESENTATIVE OF THE ESTATE OF JACOBY JOSEPH STONEKING, DECEASED, CARLA RENEE WILSON AND JACK STONEKING v. NEUTRON HOLDINGS, INC, A DELAWARE CORPORATION d/b/a LIME AND SEGWAY, INC., A DELAWARE CORPORATION; USDC NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION
Page 4

injuries, without substantially impairing the product's utility. There was only a nominal, if any, additional cost in using an alternative safer design and the alternative design had no disadvantages.

6.5     Any federal safety standards or regulations applicable to this product were inadequate to protect the public from unreasonable risks of injury or damage, and Defendants SEGWAY and LIME withheld or misrepresented information or material relevant to the federal government's determination of the adequacy of these safety standards or regulations.

## 7. Strict Liability: Manufacturing Defect

7.1     This scooter was defectively manufactured because it broke in half during normal operation. It did not perform as safely as an ordinary consumer would have expected it to perform when used (or misused) in an intended or reasonably foreseeable manner.

7.2     The manufacturer of this scooter deviated from the product's design specifications and rendered this scooter unreasonably dangerous.

7.3     The manufacturing defects were each a proximate and producing cause of the occurrence in question and Jacoby Stoneking's fatal injuries.

## 8. Strict Liability Defect: Marketing Defect

8.1     Plaintiffs allege that this scooter had potential risks known or knowable, given the professional knowledge generally accepted in the transportation community at the time of manufacture and distribution.

8.2     The ordinary consumer would not have recognized the potential risk of this scooter and LIME and SEGWAY failed to adequately warn or instruct other potential risks and the lack of the sufficient instructions or warnings was a substantial factor in causing the

PLAINTIFFS ORIGINAL COMPLAINT
NO. _____; DAVID PHILLIPS AS REPRESENTATIVE OF THE ESTATE OF JACOBY JOSEPH STONEKING, DECEASED, CARLA RENEE WILSON AND JACK STONEKING v. NEUTRON HOLDINGS, INC, A DELAWARE CORPORATION d/b/a LIME AND SEGWAY, INC., A DELAWARE CORPORATION; USDC NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION
Page 5

harm. These marketing defects were each a proximate and producing cause of this occurrence and Jacoby Stoneking's fatal injuries.

### 9. Breach of Warranty of Fitness for a Particular Purpose

9.1   Plaintiffs allege that this scooter did not perform as safely as an ordinary consumer would have expected it to perform when used in an intended or reasonably foreseeable manner; and that the Scooter's failure to perform safely was the substantial factor in cause the harm.

9.2   Defendants' conduct as alleged herein constituted both a producing and a proximate cause of the occurrence in question and Jacoby Stoneking's fatal injuries.

### 10.  GROSS NEGLIGENCE

10.1   The conduct, acts, omissions and failures to act of LIME and SEGWAY were fraudulent, malicious, outrageous and although the defective condition of this scooter involved an extreme degree of risk, Defendants SEGWAY and LIME, proceeded with actual, subjective awareness of this risk and introduced this scooter into the stream of commerce with conscious indifference to the rights, safety, or welfare of others, including the late Jacoby Joseph Stoneking.

### 11. DAMAGES

11.1   Pursuant to Tex. Civ. Prac. & Rem. Code § 71.021, Plaintiff David Phillips seeks recovery in his capacity as Representative of the Estate of Jacoby Stoneking, (Deceased) for survival damages, including: (a) Pain, suffering and mental anguish, i.e., the conscious physical pain and emotional pain, torment, and suffering experienced by Jacoby Stoneking before his death; (b) Medical expenses i.e., the reasonable expense of the necessary medical

care received Jacoby Stoneking for treatment of the injuries he sustained; and, (c) Funeral and burial expenses.

11.2   Pursuant to Tex. Civ. Prac. & Rem. Code § § 71.002 and 71.004, Plaintiffs Carla Renee Wilson and Jack Stoneking assert claims for the actual damages attributable to the wrongful death of Jacoby Stoneking. These Plaintiffs seek damages for: (a) Loss of companionship and society, i.e., the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs, in reasonable probability, would have received from Jacoby Stoneking had he lived; and, (b) Mental anguish - the emotional pain and suffering experienced by Plaintiffs Carla Renee Wilson and Jack Stoneking because of the death of C. L., a Minor.

11.3   Plaintiffs have suffered damages in an amount to be determined by a jury, but in any event in excess of this Court's jurisdictional minimum limits.

## 12. JURY DEMAND

12.1   Plaintiffs request a trial by jury.

## 13.  PRAYER FOR JUDGMENT

13.1 WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants, jointly and severally, for the following relief:

13.2   Fair, just, and adequate compensation, well in excess of this Honorable Court's minimum jurisdictional requirement of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for past and future general and special damages including actual damages and exemplary damages;

13.3   Recovery of prejudgment and postjudgment interest;

13.4   Reimbursement of taxable costs; and

13.5   Such other and further relief, general and special, legal and equitable, to which Plaintiffs may be justly entitled.


          Respectfully submitted,

          ROBERTS & ROBERTS


BY:      /s/ Michael Ace
       MICHAEL ACE
       Bar No. 00828800
       RANDELL C. ROBERTS
       Bar No. 17016490
       118 West Fourth Street
       Tyler, Texas 75701-4000
       Ph: (903) 597-6655
       Fax: (903) 597-1600
       Email: Mike@robertslawfirm.com
       Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that a copy of this instrument has been provided to all parties or their counsel under F.R.C.P. 5 on this the 21st day of December, 2018.

                                        /s/  Michael Ace
                                        ROBERTS & ROBERTS